No. 972. **Morrow** *v.* **Odom.** November Term, 1880. Deed conveying land in this state to W., in trust for E., a daughter of grantor, for life, with limitations over. W. died, and upon the *ex parte* petition of E. and her husband, who had removed to Arkansas, M. was appointed by the Court of Chancery in Arkansas, trustee in the place of W., deceased; but no certificate of appointment and substitution was endorsed upon the deed, nor recorded. Action brought by M. in this state to recover the possession of this land and for rents and damages. The Circuit judge (Kershaw) granted a non-suit on defendant's motion. An appeal from this judgment was dismissed, this court holding that the plaintiff could not be invested with title to lands in this state by the action had in the courts of Arkansas; and, moreover, that the requirements of the act of 1796, (5 *Stat.* 277; *Gen. Stat.*, ch. *XCIII.*, § 10,) had not been complied with. OPINION by ALDRICH, A. A. J., January 13th, 1881. *B. W. Edwards*, for appellant. *R. W. Boyd*, contra.

No. 973. **McElwee** *v.* **McElwee.** November Term, 1880. Motion to dismiss appeal. Decree being filed in vacation, defendant procured from plaintiff's attorneys their admission in writing on the back of the original decree, of "notice of filing of the within decree." No notice of appeal was given by plaintiff within ten days after such admission, nor case served within thirty days thereafter. Motion to dismiss granted. *Rogers* v. *Nash*, 12 *S. C.* 560, followed, and *Lake* v. *Moore*, 12 *S. C.* 563, distinguished. OPINION *per curiam*, January 21st, 1881.